UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-00339 JAK (FFMx) | Date | May 12, 2017 |
| Title | Gold Value International Texile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. 57); PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION AS TO LIABILITY FOR COPYRIGHT INFRINGEMENT, WILLFULNESS, AND INFRINGING REVENUES (DKT. 72); PLAINTIFF'S MOTION FOR RECONSIDERATION OF RULING ON THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT (DKT. 119)**

**I.   Introduction**

Gold Value International Textile, Inc. ("Plaintiff") brought this action for copyright infringement against Sanctuary Clothing LLC ("Sanctuary"), Amazon.com, Inc., Bloomingdale's, Inc., Dillard's, Inc., Macy's, Inc., Nordstrom, Inc. and Zappos IP, Inc. (collectively, "Defendants"). On March 14, 2016, Sanctuary brought a counterclaim, seeking the invalidation of Plaintiff's copyright. Dkt. 37.

On November 18, 2016, Defendants filed a Motion for Summary Judgment ("Defendants' Motion") as to all claims in the Complaint and Counterclaim. Dkt. 57. Plaintiff opposed Defendants' Motion (Dkt. 60), and Defendants replied. Dkt. 65. On February 17, 2017, Plaintiff filed a Motion for Summary Judgment ("Plaintiff's Motion"). Dkt. 72. Defendants opposed Plaintiff's Motion (Dkt. 93), and Plaintiff replied. Dkt. 99. On March 13, 2017, a hearing on the Motions was held, and they were taken under submission. Dkt. 110. On March 24, 2017, the Court issued an Order on the Motions referring an inquiry to the Register of Copyrights (Dkt. 116). Dkt. 115. A final determination of the Motions was deferred pending the response from the Register. Dkt. 115.

On April 5, 2017, Plaintiff filed a Motion for Reconsideration of the March 24, 2017 Order. Dkt. 119. On April 20, 2017, Defendants opposed the Motion for Reconsideration. Dkt. 121. On April 28, 2017, the Register of Copyrights filed a Response to the inquiry from this Court. Dkt. 122. On May 2, 2017, Plaintiff filed its Reply. Dkt. 124. On May 8, 2017, Defendants filed a sur-reply addressing the Response from the Register of Copyright. Dkt. 128. Plaintiff then filed a response. Dkt. 129.

For the reasons stated in this Order, Defendants' Motion is **GRANTED**, Plaintiff's Motion is **DENIED**, and Plaintiff's Motion for Reconsideration is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-00339 JAK (FFMx) | Date | May 12, 2017 |
| Title | Gold Value International Texile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

**II.  Factual Background**

The factual background of this action is detailed in the March 24, 2017 Order deferring the Motions for Summary Judgment. Dkt. 115. That Order is incorporated by this reference. A brief summary follows of the background relevant to the new issues addressed in this Order.

The Complaint alleges that Plaintiff created and owns the copyright in a two-dimensional textile design, which is titled 1461-43 ("1461 Design"). The Complaint alleges that Sanctuary created and sold to the other Defendants garments bearing a design substantially similar to the 1461 Design, and that these Defendants resold these items to their customers. In response to Plaintiff's claims of copyright infringement, Defendants challenged the validity of the underlying Copyright Registration No. VAu 1-151-509 for 2-dimensional artwork ("Grp.029-Spring/Summer 2014") ("'509 Registration") as to the 1461 Design. The '509 Registration was for an unpublished collection of designs. However, the 1461 Design had been published prior to the time Plaintiff filed for, and obtained the '509 Registration, which was issued on October 24, 2013. Defendants contend that because it was a published design, the 1461 Design was improperly included in the '509 Registration. They contend that Plaintiff knowingly submitted inaccurate information when it filed its application for this copyright on October 24, 2013. They argue that, but for the submission of this information, the Register of Copyrights would have refused registration.

The prior Order determined that Plaintiff's undisputed actions of selling to its customers fabric samples that used the 1461 Design prior to October 24, 2013, constituted a publication of the 1461 Design. Dkt. 115. The prior Order determined that Plaintiff knowingly submitted inaccurate information in connection with its application for the '509 Registration. Dkt. 115. Thus, pursuant to 17 U.S.C. § 411(b)(2), the following question was referred to the Register of Copyrights:

> Would the Register of Copyrights have rejected Plaintiff's Registration No. VAu 1-151-509 for 2-dimensional artwork ("Grp.029-Spring/Summer 2014," filed October 24, 2013) with respect to Design 1461? Thus, would it have done so if, at the time of the application, the Register of Copyrights had known that, although Plaintiff had characterized the work as an unpublished collection that included the 1461 Design, Plaintiff previously had published the 1461 Design when it sold to its customers fabric samples that used the 1461 Design, without limiting further distribution or sale by those customers?

Dkt. 116.

In its Response, after providing an analysis of the governing standards, the Register stated:

> Based on the foregoing governing statutory and regulatory standards, and its examining practices, had the Office been aware that the 1461 Design had been previously published, the Office would have refused registration of that work using the unpublished collections option because the work was registered as unpublished when in fact it had been published.

Dkt. 122-1 at 4.

The Register noted that if it is made aware of an error at the time of application, the general practice of the Copyright Office is to correspond with the applicant and give an opportunity to correct the error within a 45

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-00339 JAK (FFMx) | Date | May 12, 2017 |
| Title | Gold Value International Texile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

day period. *Id.* The Register's response was "premised on the fact that the error identified in the Court's question was not timely corrected" by correspondence between Plaintiff and the Register at the time the application was made. *Id.*

**III.    Analysis**

    **A.    Motions for Summary Judgment – Whether the Copyright Office Would Have Refused Registration**

        1.    Legal Standard

As the Ninth Circuit has explained:

> "A certificate of registration satisfies the [registration requirement], regardless of whether the certificate contains any inaccurate information," unless (1) "the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate," and (2) "the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration."

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 852-53 (9th Cir. 2012), *as amended on denial of reh'g and reh'g en banc* (June 13, 2012) (quotations of 17 U.S.C. § 411(b)(1) in original).

"The Copyright Act expressly authorizes the Register to prescribe by regulation the conditions and procedures for the registration of copyrights and the applications for registration." *Olander Enters., Inc. v. Spencer Gifts, LLC*, 812 F. Supp. 2d 1070, 1075 (C.D. Cal. 2011) (citing 17 U.S.C. §§ 408(c)(1), 409 (2006)). "According to the registration regulations, typically a copyright claimant must file a separate application to obtain a separate registration for each creative work for which the claimant seeks protection." *Id.* As *L.A. Printex* explained:

> The Copyright Act permits the registration of multiple works as a single work. 17 U.S.C. § 408(c)(1). For purposes of registration as a single work, copyright regulations distinguish between published works and unpublished works. *See* 37 C.F.R. § 202.3(b)(4)(i). A published collection of works must be "sold, distributed or offered for sale concurrently." *United Fabrics Int'l, Inc. v. C & J Wear, Inc.,* 630 F.3d 1255, 1259 (9th Cir. 2011). For unpublished works, "there is no such requirement." *Id.* A group of unpublished works may be registered as a single work if it consists of "all copyrightable elements that are otherwise recognizable as self-contained works, and are combined in a single unpublished 'collection.'" 37 C.F.R. § 202.3(b)(4)(i)(B).

676 F.3d at 853.

37 C.F.R. § 202.3(b)(4) sets forth the following requirements for registering a collection as a single work:

> (i) For the purpose of registration on a single application and upon payment of a single registration fee, the following shall be considered a single work:
>     (A) In the case of published works: all copyrightable elements that are otherwise recognizable as self-contained works, that are included in a single unit of publication,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-00339 JAK (FFMx) | Date | May 12, 2017 |
| Title | Gold Value International Texile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

and in which the copyright claimant is the same; and
(B) In the case of unpublished works: all copyrightable elements that are otherwise recognizable as self-contained works, and are combined in a single unpublished "collection." For these purposes, a combination of such elements shall be considered a "collection" if:
  (1) The elements are assembled in an orderly form;
  (2) The combined elements bear a single title identifying the collection as a whole;
  (3) The copyright claimant in all of the elements, and in the collection as a whole, is the same; and
  (4) All of the elements are by the same author, or, if they are by different authors, at least one of the authors has contributed copyrightable authorship to each element.

    2.    <u>The Copyright Office's Guidance</u>

        a)    The Response from the Register of Copyrights

As noted, the Register of Copyrights responded to Court's inquiry, stating that it would have refused registration. Dkt. 122-1. The Response provided a thorough analysis of the requirements of the Copyright Act, the governing regulations and the principles and policies of the Copyright Office as detailed in the *Compendium*. As the Response noted, "[i]n responding to the Court's question, the Office applies the foregoing governing statutory and regulatory standards, and examining principles." Dkt. 122-1 at 4. The analysis of the Response and its application of these standards are persuasive. Further, the Response is consistent with Ninth Circuit authority and the decisions of district courts that have considered the same issue.

        b)    The Response Is Consistent with the Copyright Office's Guidance

The Copyright Office will not accept a registration as valid of a published work included in an unpublished collection. The published work must be registered separately, and cannot be included in a supplemental registration to the registration for the unpublished collection. In referencing the policy of the Copyright Office with respect to correcting mistakes, the Copyright Circular states: "A supplementary registration is not appropriate if the work was registered as unpublished when it was actually published at the time of registration." *U.S. Copyright Office*, *Copyright Circular 8*, at 1 (2013). It also provides:

> *Published Work Previously Registered as Unpublished.* A supplementary registration is *not* acceptable to correct a registration that did not identify the work as published. The deposit requirement for a published work is different from that for an unpublished work. Therefore, the proper deposit requirement has not been met and cannot be met with a supplementary registration. In this case, another basic registration should be made with the proper deposit materials for a published work. In the "Limitation of Claim" section of the registration application, give the registration number and year of the previous registration in the spaces provided. In the "Other" box for "New Material Included," state, "This registration is made to correct a registration that was incorrectly made as unpublished."

*U.S. Copyright Office*, *Copyright Circular* 8, at 3 (2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | May 12, 2017 |
|---|---|---|---|
| Title | Gold Value International Texile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

Similarly, § 1802.7(C) of the Copyright Office's *Compendium III* provides:

> Publication Issues: Ordinarily, if the work was published on or before the effective date of registration for the basic registration and if the applicant mistakenly claimed that the work was unpublished as of that date, the date of publication cannot be added to the registration record with a supplementary registration.

*Compendium III* § 1802.7(C).[1]

The *Compendium* also provides that "an applicant cannot use [the unpublished collection] option to register a number of published and unpublished works. If any of the works have been published, the applicant should not include those works in the claim." *Compendium III* § 1106.1.

The practices and policies of the Copyright Office are consistent with the position taken by the Register that it would not have registered the 1461 Design as part of the '509 Registration if it had known that the 1461 Design previously had been published.

### 3. District Courts' Decisions

Other district courts that have addressed these issues have reached the same conclusions For example, *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.* found that "prior publication does not invalidate registration of the unpublished elements of the collection (there are apparently six previously unpublished designs among the 19 in the collection), but it does invalidate the registration as to the previously published designs, including the one in the case at bar." 896 F. Supp. 2d 223, 231 (S.D.N.Y. 2012).[2]

---

[1] The Copyright Office explains that the justification for this policy is that

> [i]n most cases, these types of publication issues cannot be corrected with a supplementary registration because the deposit requirement for a published work and an unpublished work are not the same. As a general rule, the applicant must submit two complete copies of the best edition if the work has been published, but only one complete copy is required for an unpublished work. By contrast, if an unpublished work was erroneously registered as a published work, the date of publication may be corrected with a supplementary registration, because the deposit copies for a published work usually satisfy the deposit requirement for an unpublished work.

*Compendium III* § 1802.7(C) (citations omitted).

[2] Plaintiff argues that *Family Dollar* should not be followed because it has been "harshly criticized" and the court in *Family Dollar* later reinstated the claim that had been dismissed in that opinion. Plaintiff characterizes this reinstatement of the claim as a "reversal" of the opinion. In its order reinstating the claim, the court did not call this a reversal, and did not vacate or reverse its earlier ruling. Instead, the court reinstated the claim so that plaintiff could proceed with the copyright infringement based on a supplemental registration that the plaintiff had obtained, which no longer included both published and unpublished designs. In *Family Dollar*, the court left open the question whether the action could proceed under the supplemental registration, and ordered the parties to brief the issue. 896 F. Supp. 2d at 234. In reinstating the claim, the court did not vacate its holding that the original registration that contained the published and unpublished designs was invalid.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | May 12, 2017 |
|---|---|---|---|
| Title | Gold Value International Texile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

*Family Dollar* held that including the previously published design that was registered in a collection of unpublished works was a material error because "the error invalidate[d] the registration as to the very design that [was] the subject of [the] lawsuit." *Id.*

Two other decisions within this District have also considered this issue. *Urban Textile, Inc. v. Cato Corp.* considered a claim for copyright infringement over "a previously published work that [the plaintiff] included as part of a collection of unpublished works." No. 2:14-cv-06967-ODW-FFMx, 2016 WL 6804911, at *6 (C.D. Cal. Apr. 1, 2016). In invalidating the copyright registration, *Urban Textile* found that the error of including the published work in the registration was not a minor, technical one because it "would have clearly caused the Register of Copyrights to refuse to issue a registration for the Subject Design as it stood within a collection of purportedly unpublished works." *Id.* Thus, *Urban Textile* held that "[a] published design included in an unpublished collection copyright registration application cannot be registered as part of the collection." *Id.* at *5. *Urban Textile* considered the *Compendium* as part of its analysis *See id.* ("Where the applicant seeks registration as an unpublished work and provides the Office with a statement of facts which clearly show that publication has occurred, the Office will not register a claim to copyright in the work as unpublished." (quoting United States Copyright Office, *Compendium of Office Practices II* § 904(5))). The court found that "[p]rior publication does not invalidate registration of the unpublished elements of the collection, but it does invalidate the registration as to the previously published designs, including the one in the case at bar." *Id.*

*Olander* considered a claim for copyright infringement based on the registration of an unpublished collection of belt buckles. 812 F. Supp. 2d at 1076. *Olander* examined the relevant case law and looked to the literature of the Copyright Office for guidance because "the Ninth Circuit has held that courts should generally defer to the Register's interpretation of copyright statutes and regulations and the few other courts who have addressed the issue have also deferred to the interpretation offered by the United States Copyright Office." *Id.* at 1076 (citations omitted). *Olander* found that the copyright registration was invalid as to the works that had been published before the application for copyright registration, and on summary judgment rejected the claims of the copyright holder. *Olander* explained the policy rationale behind the position of the Copyright Office:

> Restricting the "single work" registration to groups of works that are published together for the first time as part of a single unit of publication similarly discourages copyright holders from sitting on their rights by preventing a copyright holder from selling an individual work for months or years without registering it, and then later registering it as part of a collection in order to avoid any consequences from the failure to register the work such as the unavailability of statutory damages and attorneys' fees. This case also illustrates the practical importance of an administrative rule that prevents copyright holders from surreptitiously including previously published works as part of a "single work" registration, when they should in fact be excluded. *See* U.S. Copyright Office, *Help: Type of Work*, http://www.copyright.gov/eco/help-type.html (last visited Aug. 19, 2011). Olander was able to obtain only four registrations that purport to cover some 700 belt buckle designs without specifically showing which, if any, of the belt buckles were covered by prior valid registrations or derived from works registered by Olander or other authors or copyright holders. (*See* Curtis Decl. Exs. 1–8.) Not only are the copyright examiners' abilities to catch improper inclusions among hundreds of works in a multiple work registration limited by time and resource constraints, but also those limitations are exacerbated by the ex parte

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | May 12, 2017 |
|---|---|---|---|
| Title | Gold Value International Texile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

> nature of the application process, which does not provide an opportunity for another creator of a similar work to object to the inclusion of a particular work on the grounds that he or she has already created a similar work.

812 F. Supp. 2d 1070, 1077 (C.D. Cal. 2011).

### 4. *L.A. Printex* Supports the Same Result

*L.A. Printex* considered a similar issue. 676 F.3d 841. *L.A. Printex* held that the inclusion of two previously published designs in an unpublished collection did not invalidate the registration of that collection as to the designs at issue in the infringement action, which were unpublished designs in that same collection. 676 F.3d at 854. *L.A. Printex* found that the error of including these published designs in the unpublished collection was not one that would have caused the Register of Copyrights to refuse registration. *Id.* This was because

> [u]pon learning of its registration error, L.A. Printex corrected it. It filed an application for supplementary registration, communicated with the Copyright Office about the error through email and phone correspondence, and filed a second application for supplementary registration. Moreover, the Copyright Office issued a certificate of supplementary registration.

*Id.*

It is also deemed significant that when L.A. Printex "contacted the Copyright Office to ask about its registration of a single unpublished work that contained both published and unpublished designs[, t]he Copyright Office told L.A. Printex that the unpublished designs, including [the one at issue in the infringement action], would retain copyright protection but that the previously published designs would not." *Id.* at 845. The Copyright Office issued a supplementary registration for the unpublished collection only after L.A. Printex removed the previously published designs from the collection. *Id.* at 845-46.

As *Urban Textile* noted in applying *L.A. Printex* to its similar facts:

> *L.A. Printex* presented the inverse of the situation here: in that case the plaintiff did not assert that the defendant infringed the previously published designs that had been improperly included in the collection registration. Rather, it alleged that the defendant infringed an unpublished design in the registered collection. Accordingly, the panel found that the inclusion of the published designs was a minor technical error that did not affect the registration of the unpublished designs, which the plaintiff nevertheless corrected with the assistance of the Register of Copyrights in a supplementary registration. It would have been inequitable for the panel to invalidate the whole copyright registration, even the portions that were properly registered, absent a showing of fraud.

*Urban Textile*, 2016 WL 6804911, at *5 (citations omitted).

\* \* \*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | May 12, 2017 |
|---|---|---|---|
| Title | Gold Value International Texile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

These cases are persuasive.[3] Here, the 1461 Design was included in the '509 Registration of a collection of unpublished work. The 1461 Design had previously been published. As noted, the Copyright Office will not issue a single work registration for an unpublished collection when that unpublished collection contains a work that previously has been published. This is confirmed by the holding in *L.A. Printex* and is consistent with the Copyright Office's actions in that case. As the district courts have observed, these rules align with the goals of the Copyright Act. Thus, as noted in its Response, the Copyright Office would not have issued a registration for the 1461 Design if it had known that the 1461 Design previously had been published. That the Copyright Office would have refused registration to the 1461 Design is further evidenced by the fact that when Plaintiff filed to have the 1461 Design registered and disclosed its prior publication, the Copyright Office did not issue a supplement to the '509 Registration, but instead issued a separate, independent registration.

\* \* \*

For the foregoing reasons, the Copyright Office would not have issued a registration for the 1461 Design as part of the unpublished collection in the '509 Registration if it had known that it previously had been published. The undisputed evidence shows that Defendants have met their burden pursuant to 17 U.S.C. § 411(b)(1) to invalidate the '509 Registration as to the 1461 Design. Because the '509 Registration is the only Registration at issue in this action, Plaintiff cannot sustain its claim for copyright infringement. Dkt. 4 (AO 121 Report on the Filing of an Action Regarding a Copyright).

        5.    <u>The Action Cannot Proceed on the Source Art Registrations Absent Leave to Amend</u>

Plaintiff contends that if the '509 Registration is invalid as to the 1461 Design, it can maintain its infringement action based on the registered copyrights that Plaintiff owns for the underlying source art in the 1461 Design. Plaintiff argues that the 1461 Design is a derivative work of the source art. Consequently, Plaintiff claims that it can maintain an action for infringement of the source art to the extent that such art is subsumed by the final 1461 Design. However, the source art copyright registrations were not identified in the pleadings and Plaintiff did not mention them prior to filing it its Opposition. Plaintiff cannot pursue claims for the infringement of the source art without amending the pleadings to include the copyright registrations for the source art materials.

---

[3] The Ninth Circuit's recent decision in *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) does not warrant a different result. *Unicolors* held that the plaintiff's "inadvertent exclusion" of the source artwork from the registration by listing it in the incorrect location on the application form, was a "good faith mistake." *Id.* at 991; *see also id.* at 990 ("it was arguably reasonable for Unicolors to believe that it was required to list QQ–692 in Space 6 in order to comply with Section 409(9), even though it did not intend to exclude that work."). Thus, the mistake in *Unicolors* could not have invalidated the copyright registration because the inaccurate information was not included "with knowledge that it was inaccurate." 17 U.S.C. § 411(b)(1); *see Unicolors*, 853 F.3d at 991 ("Here, Unicolors's exclusion of QQ–692 was a good faith mistake. Moreover, it is clear that the mistake would not have caused the copyright office to refuse registration because the copyright office later approved Unicolors's request to correct the inadvertent exclusion."). Further, *Unicolors* held that any error would not have an effect on the plaintiff's infringement claim that was at issue, because that claim was not based on the source work, but on the derivative work that was properly included in the registration. *Id.* at 990 ("Thus, Urban's claim that QQ–692 was not registered is irrelevant because the registration of a derivative work 'is independent of ... any copyright protection in the preexisting material.'" (quoting 17 U.S.C. § 103(b))).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | May 12, 2017 |
|---|---|---|---|
| Title | Gold Value International Texile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

None of the cases to which Plaintiff cites supports its claim. *See Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279, 283 (4th Cir. 2003) (ownership of a registered collective work permitted a suit for infringement of a constituent part of that work), *abrogated by Reed Elsevier*, 559 U.S. 154; *Greenwich Film Prods. v. DRG Records, Inc.*, 833 F. Supp. 248, 251-52 (S.D.N.Y.1993) (registration for source film was sufficient to maintain action for derivative musical compositions contained therein); *Streetwise Maps, Inc. v. Vandam, Inc.*, 159 F.3d 739, 747 (2d Cir.1998) (registration for derivative work allows infringement claim as to underlying source works because "the registration certificate relating to the derivative work in this circumstance will suffice to permit it to maintain an action for infringement based on defendants' infringement of the pre-existing work"); *Klauber Bros. v. Russell-Newman, Inc.*, No. 11 CIV. 4985 PGG, 2013 WL 1245456, at *5 (S.D.N.Y. Mar. 26, 2013) (an owner of an unregistered derivative work can maintain a claim for infringement of that work based on the registered source work, when "all of the allegedly protectable elements of the [unregistered derivative] design are contained in the registered 7088 design."); *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428 PSG, 2013 WL 831528, at *4 (N.D. Cal. Jan. 10, 2013) (because plaintiff owned derivative computer code and original computer code, it was proper to allow plaintiff "to rely on the derivative work registration to enforce its rights in the original work").

In each case cited by Plaintiff, the derivative work was covered by a valid registration that was within the scope of the allegations in the complaint. These cases would support the position that if a valid registration for a derivative work had been pleaded here, Plaintiff could also bring a claim for infringement of the underlying source work, even if it were unregistered. These cases do not, however, support the position that Plaintiff could bring an infringement action for the registered underlying source work without alleging any valid copyright registrations in its operative complaint.

As noted, the '509 Registration is invalid as to the 1461 Design. The '509 Registration is the only registration put at issue by the operative complaint. Nor are the source art registrations part of the pleadings. Consequently, because there are no valid registrations presented in the operative complaint, there is no valid basis presented for a claim for infringement of the 1461 Design as a derivative work.

      6.    Leave to Amend to Include the '252 Registration

On June 9, 2016, the Copyright Office issued to Plaintiff Copyright Registration No. VA 2-006-252 ("'252 Registration") for a single work titled "1461." Rutherford Decl., Ex. C, Dkt. 57-4 ('252 Registration). The '252 Registration states that the "Date of 1st Publication" is "March 12, 2013." *Id.* Plaintiff argues that if the '509 Registration is invalid, it can maintain this action for infringement of the '252 Registration. Defendants argue that the '252 Registration cannot support this action because it was not identified in the Complaint or Form AO 121, as one of the copyrights at issue.

Plaintiff did not obtain the '252 Registration until June 9, 2016, five months after filing this action. Plaintiff has neither amended its complaint nor sought leave to do so, notwithstanding that it obtained the '252 Registration before June 27, 2016, which was the last day to amend pleadings set in the May 23, 2016 Scheduling Order. Dkt. 41. However, in its Opposition, Plaintiff argues for the first time that it should be given leave to amend to add the '252 Registration as a basis for its claims in this action if the '509 Registration is found invalid as to the 1461 Design. Absent the filing of an amended complaint, this action cannot proceed as to any alleged infringement of the '252 Registration. Whether leave to amend is appropriate is addressed in the following discussion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-00339 JAK (FFMx) | Date | May 12, 2017 |
| Title | Gold Value International Texile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

        a)        Legal Standards

In general, a court "will not consider claims raised for the first time in summary judgment which [a p]laintiff did not raise in [the] Complaint." *Nolan v. Vilsack*, No. 14-cv-08113-ABF-FMX, 2016 WL 3678992, at *4 (C.D. Cal. June 30, 2016); *see also, e.g.*, *Burrell v. Cty. of Santa Clara*, No. 11-cv-04569, 2013 WL 2156374, at *11 (N.D. Cal. May 17, 2013) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations.")); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827, 2012 WL 5411590, at *5 (N.D. Cal. Nov. 6, 2012) (refusing to consider Plaintiff's new theories in opposition to summary judgment and granting summary judgment in defendant's favor); *Ortiz v. Lopez*, 688 F. Supp. 2d 1072, 1082 (E.D. Cal. 2010).

Furthermore, "when a party seeks to amend a pleading *after* the pretrial scheduling order's deadline for amending the pleadings has expired, the liberal standard of Rule 15 no longer applies." *Acad. of Country Music v. ACM Records, Inc.*, No. 13-cv-02448 DDP RZX, 2014 WL 2586859, at *2 (C.D. Cal. June 10, 2014) (citing *Johnson v. Mammoth Recreations,* 975 F.2d 604, 607-08 (9th Cir.1992)). Instead, the party's "ability to amend his complaint [i]s governed by Rule 16(b), not Rule 15(a)." *Johnson*, 975 F.2d at 608. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.

Although a court may take into account any prejudice to the non-moving party, "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification ... [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson*, 975 F.2d at 609), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015). Thus, "[a] party's failure to act diligently is determinative." *Manriquez v. City of Phoenix*, 654 F. App'x 350, 351 (9th Cir. 2016). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609; *see also Briggs v. Blomkamp*, No. C 13-4679 PJH, 2014 WL 4100689, at *3 (N.D. Cal. Aug. 20, 2014).

As another district court explained in addressing these issues:

> When the proposed modification is an amendment to the pleadings, the moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order."

*Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | May 12, 2017 |
|---|---|---|---|
| Title | Gold Value International Texile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

        b)       Application

Plaintiff first requested leave to amend in its untimely Opposition to Defendants' Motion for Summary Judgment. Dkt. 60.[4] The Opposition was filed on January 11, 2017. This was approximately one year after the Complaint was filed on January 15, 2016. Plaintiff was first put on notice of Defendants' challenge to the validity of the '509 registration due to the prior publication of the 1461 Design through the Answer and Counterclaim, which were filed on March 14, 2016. Dkts. 35; 37 ¶ 17 ("Upon information and belief, one, some, or all of the works covered by the '509 Registration, including but not limited to the 1461 Design, were published at the time of the filing of the underlying application, and as a result, the '509 Registration is invalid for non-compliance with regulations prescribing conditions to register groups of works of visual arts, 37 C.F.R. § 202.3.").

Defendants also raised the issue of the validity of the '509 Registration in the parties' Rule 26(f) Joint Report, which was filed on May 4, 2016. Dkt. 40. There, Defendants stated that they planned to file a motion for summary judgment on this issue. *Id.* During the Scheduling Conference, which was held on May 23, 2016, the last day to amend pleadings was set for June 27, 2016. Dkt. 41. It is also significant that, perhaps in recognition of these arguments, Plaintiff obtained the '252 Registration on June 9, 2016. Plaintiff's Statement of Facts in Dispute, Dkt. 60-7 ¶ 12. However, Plaintiff did not seek leave to amend the Complaint to add the '252 Registration, notwithstanding that it could have done so as late as June 27, 2016, without leave. On November 3, 2016, the parties filed a stipulation to continue certain pretrial and trial dates, but did not seek any change as to the deadline for amending the Complaint. Dkt. 56.

Plaintiff filed its own Motion for Summary Judgment on February 17, 2017, two weeks before the hearing was set on Defendants' Motion for Summary Judgment. Dkt. 72. There was no mention of a request for leave to amend. *Id.* Nor was such a request made in Plaintiff's reply brief. Dkt. 79. After the hearing on the motions, Plaintiff filed its motion for reconsideration. Dkt. 119. Once again, there was no reference to a request for leave to amend, notwithstanding that the issues raised were tied directly to the potential need to do so. Further, Plaintiff did not meaningfully address this issue in its Opposition. There, Plaintiff states only that leave to amend should be granted pursuant to the liberal standards of Fed. R. Civ. P. 15 and cites several cases in which amendment was permitted after a motion to dismiss or one for judgment on the pleadings was granted.[5]

Further, Defendants would be prejudiced if leave to amend were granted. Defendants brought and prevailed on their motion for summary judgment on the issue of the invalidity of the '509 Registration. Plaintiff filed a motion for summary judgment with respect to the '509 Registration, as well as a motion for

---

[4] Defendants filed their Motion for Summary Judgment on November 18, 2016. Pursuant to this Court's Standing Orders, Plaintiff's Opposition was due on December 9, 2016. Plaintiff did not file its Opposition until January 11, 2017. Plaintiff has provided no explanation for this untimely filing, and did not seek leave to do so. On November 18, 2016, the Court granted a stipulation to extend the discovery and pretrial deadlines in this matter, but did not extend the last day to amend pleadings.

[5] Plaintiff only identifies one case in which leave to amend was permitted after a motion for partial summary judgment was granted. *Tabra, Inc. v. Treasures de Paradise Designs, Inc.*, No. C-90-0155 MHP, 1992 WL 73463, at *5 (N.D. Cal. Apr. 4, 1992). *Tabra* permitted leave to amend under Fed. R. Civ. P. 15, pursuant to a timely filed motion, after finding that Plaintiff "promptly" took steps to cure the deficiencies within a month of discovering them. *Id.* For the reasons stated above, the timeline in this action is quite different.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | May 12, 2017 |
|---|---|---|---|
| Title | Gold Value International Texile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

reconsideration of the Court's prior Order deferring a ruling on those motions. It would impose an undue burden on Defendants if they were required to redo that process, which would likely require further discovery, in an action that has been pending for 17 months.

\*     \*     \*

For the foregoing reasons, Defendants' Motion is **GRANTED**. Plaintiff's Motion is **DENIED**.

### B.    Motion for Reconsideration

Fed. R. Civ. P. 59(e) provides that a reconsideration of a prior decision is appropriate if the district court: (1) is presented with newly discovered evidence; (2) committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *See School Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Local Rule 7-18 parallels Rule 59(e). It provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

*Id*.

Plaintiff argues that the March 24, 2017 Order should be reconsidered because it reflects clear errors in applying the controlling law and is inconsistent with *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980 (9th Cir. 2017), which issued on April 3, 2017 after the prior Order was filed. Plaintiff relies on the statement in *Unicolors* that "[g]ood faith mistakes in copyright applications do not preclude an infringement action," to argue that the prior Order should have considered whether its actions in applying for the '509 Registration were made in good faith. *Id.* at 991. Plaintiff made this same argument in the briefing on the motions for summary judgment as well as at the hearing on those motions. Accordingly, the standards of Local Rule 7-18 have not been met.

Furthermore, *Unicolors* did not change the law or the standard applied to analyzing inaccurate statements made in applications for copyright registrations. *Unicolors* relied on *Urantia Foundation*, *L.A. Printex* and 17 U.S.C. § 411(b)(1) for its analysis of these principles. These are the same cases and statutory framework applied in the prior Order. Consequently, there has been no intervening change in controlling law that warrants reconsideration under Local Rule 7-18 and Fed. R. Civ. P. 59(e).

Finally, *Unicolors* confirms that, as the prior Order concluded, an inaccurate copyright registration bars an infringement action when "'the inaccurate information was included on the application [ ...] with knowledge that it was inaccurate' and the inaccuracy, 'if known, would have caused the Register of Copyrights to refuse registration.'" *Unicolors*, 853 F.3d at 991 (quoting 17 U.S.C. § 411(b)(1)). *Unicolors* is also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | May 12, 2017 |
|---|---|---|---|
| Title | Gold Value International Texile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

consistent with the conclusion in the prior Order that when a mistake is inadvertent, a clerical error or made in good faith, *i.e.*, when an error is made without knowledge that it was inaccurate, then it will not result in the invalidation of the registration, absent a showing of fraud on the Copyright Office. This analysis is premised on the requirements of 17 U.S.C. § 411(b)(1). *Id.* As the prior Order concluded, Plaintiff's mistake was not "inadvertent." Nor was it a "misstatement or clerical error." *Id.* (quoting *Urantia Found.*, 114 F.3d 955, 963 (9th Cir. 1997) and *L.A. Printex*, 676 F.3d at 853). It was made knowingly. Thus, the framework of 17 U.S.C. § 411(b) applies.

For the foregoing reasons, the Motion for Reconsideration is **DENIED**.

### IV. Conclusion

For the reasons stated in this Order, Defendants' Motion is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED**. Plaintiff's Motion for Reconsideration is **DENIED**. On or before May 19, 2017, Defendants shall meet and confer with Plaintiff to seek agreement as to the form of judgment. The proposed judgment shall be lodged by May 19, 2017. The notice shall indicate whether the form of judgment is agreed upon or whether Plaintiff will be filing any objections by May 26, 2017, pursuant to the Local Rules.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |