UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-00339 JAK (FFMx) | Date | December 5, 2017 |
| Title | Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANTS' MOTION FOR AWARD OF FULL COSTS AND ATTORNEY'S FEES (DKT. 141)**

### I.      Introduction

Gold Value International Textile, Inc. d/b/a Fiesta Fabric ("Plaintiff" or "Fiesta") brought this action for copyright infringement against Sanctuary Clothing LLC ("Sanctuary"), Amazon.com, Inc., Bloomingdale's, Inc., Dillard's, Inc., Macy's, Inc., Nordstrom, Inc. and Zappos IP, Inc. (collectively, "Defendants"). On March 14, 2016, Sanctuary brought a counterclaim seeking the invalidation of Plaintiff's copyright. Dkt. 37.

On November 18, 2016, Defendants filed a Motion for Summary Judgment ("Defendants' Motion for Summary Judgment") as to all claims in the Complaint and the counterclaim. Dkt. 57. On February 17, 2017, Plaintiff filed a Motion for Summary Judgment ("Plaintiff's Motion for Summary Judgment"). Dkt. 72. On May 12, 2017, an order issued that granted Defendants' Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment ("Summary Judgment Order" (Dkt. 130)). On May 26, 2017, a corresponding judgment was entered in favor of Defendants and against Plaintiff. Dkt. 134.

On June 9, 2017, Defendants filed a Motion for Award of Full Costs and Attorney's Fees ("Motion"). Dkts. 141-1, 148. Plaintiff opposed the Motion (Dkt. 169), and Defendants replied. Dkt. 170. On September 25, 2017 a hearing on the Motion was held and it was taken under submission. Dkt. 174. For the reasons stated in this Order, the Motion is **GRANTED IN PART**.

### II.     Factual Background

The factual background of this action is detailed in prior Orders. Dkts. 115, 130. Those discussions are incorporated by this reference. A brief summary follows to provide the context for the matters addressed in this Order.

      A.      The Parties

Plaintiff is a California corporation that creates artwork for use on fabrics. It sells these fabrics to its customers, who use them to manufacture garments that are sold to retailers. Dkt. 1 ¶ 4; Declaration of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | December 5, 2017 |
|---|---|---|---|
| Title | Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

Morris Ajnassian ("Ajnassian Decl."), Dkt. 60-1 ¶ 2. Sanctuary is a California limited liability company that manufactures garments.

    B.    The Copyright Registrations

The Complaint alleges that Plaintiff owns the copyright in a two-dimensional textile design titled "1461-43" ("1461 Design"). Dkt. 1 ¶¶ 15-16. This design was allegedly registered with the Copyright Office. *Id.* ¶ 17. The Complaint alleges that, without receiving authorization from the Plaintiff, Sanctuary created, sold, manufactured, caused to be manufactured and distributed garments to retailers that used fabric with designs that are identical, or substantially similar, to the 1461 Design. *Id.* ¶¶ 19-20.

The '509 Registration has an effective date of October 24, 2013. Declaration of Jessica S. Rutherford ("Rutherford Decl."), Ex. A, Dkt. 57-2 ("'509 Registration"). Defendants' Statement of Undisputed Facts ("UF"), Dkt. 60-7 ¶ 7. The '509 Registration includes 34 works, which include the 1461 Design. Rutherford Decl., Ex. A, Dkt. 57-2. In the copyright application that resulted in this registration, Plaintiff's president, Morris Ajnassian, certified that none of the works in the collection had been published as of October 23, 2013. UF ¶ 7.

On June 9, 2016, the Copyright Office issued to Plaintiff Copyright Registration No. VA 2-006-252 ("'252 Registration") for a single work titled "1461." Rutherford Decl., Ex. C, Dkt. 57-4 ('252 Registration). The '252 Registration states that the "Date of 1st Publication" is "March 12, 2013." *Id.* The '252 Registration does not state that it is a supplement to an earlier registration. *Id.*

    C.    Procedural History

On March 24, 2017, an Order issued that deferred a final determination of the two motions for summary judgment pending a response from the Register of Copyrights to an inquiry made by the Court. That inquiry was whether the Copyright Office would have refused registration of the copyright at issue had it known that Plaintiff had published the 1461 Design prior to submitting the application. Dkt. 115. The same day, the Court submitted this issue to the Register of Copyrights. Dkt. 116. On April 28, 2017, the Copyright Office responded. Dkt. 122. Its response stated that "had the Office been aware that the 1461 Design had been previously published, the Office would have refused registration of that work using the unpublished collections option because the work was registered as unpublished when in fact it had been published." Dkt. 122-1 at 4.

After the Summary Judgment Order was issued (Dkt. 130) on May 12, 2017, Defendants lodged a proposed judgment. Dkt. 131. On May 23, 2017, Plaintiff objected to the proposed judgment. Plaintiff argued that Defendants cannot recover costs and attorney's fees because the dismissal of an action for the absence of a valid copyright registration is not a judgment or determination on the merits. Dkt. 132. Defendants replied on May 25, 2017. Dkt. 133. On May 26, 2017, judgment was entered in favor of Defendants and against Plaintiff on all claims brought by Plaintiff. It provided that the dismissal of those claims was with prejudice. Dkt. 134. The judgment also applied to Defendants' counterclaim, *i.e.,* in favor of Defendants and against Plaintiff. The judgment declared the '509 Registration invalid as to the 1461 Design and provides that Defendants are entitled to an award of costs pursuant to Fed. R. Civ. P. 54(d)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | December 5, 2017 |
|---|---|---|---|
| Title | Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

On June 7, 2017, Plaintiff filed a notice that it had filed an appeal from the judgment entered in this action. Dkt. 135.

**III.     Analysis**

    A.     Legal Standards

Section 505 of the Copyright Act provides that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Under this statute, attorney's fees may be awarded to the party who prevails, whether that is the party who asserted the copyright claims or opposed them. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016). Whether to award attorney's fees is within the discretion of the district court:

> Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations we have identified.

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) ("*Fogerty I*") (internal quotation marks omitted). In exercising discretion, courts must make a "particularized, case-by-case assessment." *Kirtsaeng*, 136 S. Ct. at 1985.

Several factors should be considered in making the discretionary determination. *See Fogerty I*, 510 U.S. at 534; *Kirtsaeng*, 136 S. Ct. at 1985. They include: (i) "[t]he primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public," (*Fogerty I*, 510 U.S. at 524); (ii) both defendants and plaintiffs may hold copyrights, and may "run the gamut from corporate behemoths to starving artists" (*id.* at 524-27); (iii) the need to encourage "defendants who seek to advance a variety of meritorious copyright defenses . . . to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement" (*id.* at 527); and (iv) "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Id.*

The Ninth Circuit has explained that, in applying these factors, it is appropriate to consider: (i) the degree of success obtained by the moving party; (ii) the purposes of the Copyright Act; and (iii) whether an award of attorney's fees would have a chilling effect that is too great or would impose an inequitable burden on an impecunious plaintiff, (collectively, the "*Fogerty* Factors"). *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003). *Fogerty I* also acknowledged that it is appropriate to consider the following nonexclusive factors (the "*Lieb* Factors")[1] when evaluating a motion for an award of fees: (i) frivolousness; (ii) motivation; (iii) objective unreasonableness as to both the factual and the legal elements of the case; and (iv) the need in particular circumstances to advance considerations of compensation and deterrence. *Fogerty I*, 510 U.S. at 534 n.19.

---

[1] *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | December 5, 2017 |
|---|---|---|---|
| Title | Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

*Fogerty I* also stated that these factors "may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." *Id.* This "means that courts should begin their consideration of attorney's fees in a copyright action with an evenly balanced scale, without regard to whether the plaintiff or defendant prevails, and thereafter determine entitlement without weighting the scales in advance one way or the other." *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1996) ("*Fogerty II*"). "Within this framework, district courts are given wide latitude" to award or deny attorney's fees under the Copyright Act, even when a party acted reasonably or in good faith. *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997).[2]

      B.      Whether an Award of Attorney's Fees and Costs is Warranted

           1.      <u>Prevailing Party</u>

"[A] 'prevailing party' is one who has been awarded some relief by the court. The key inquiry is whether some court action has created a material alteration of the legal relationship of the parties." *Cadkin v. Loose*, 569 F.3d 1142, 1148-49 (9th Cir. 2009) (internal citation and quotation marks omitted). A court action materially alters "the legal relationship of the parties" when it "deprive[s the losing party] of the ability to seek relief in federal court" under the Copyright Act against the party that is seeking a fee award. *Id.* at 1150 (defendants were not "prevailing parties" under section 505 because they had been dismissed voluntarily and without prejudice and "remain[ed] subject to the risk" that the plaintiffs could refile the copyright claims). Thus, a "defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court." *Id.*; *cf. Tavory v. NTP, Inc.*, 297 Fed. Appx. 986, 989-90 (Fed. Cir. 2008) (dismissal of copyright infringement claim on the ground that the registration was invalid materially altered the legal relationship between the parties because "[b]y finding the deposit copy of that work to be an invalid reconstruction, the court essentially decided that [Plaintiff] cannot ever succeed in a copyright infringement claim against [Defendant] based on the work represented in that invalid copy").

Defendants assert they are "prevailing parties" under these standards. They argue that the Summary Judgment Order constitutes a material alteration of the relevant legal relationship. Thus, they claim that it bars Plaintiff from reasserting claims of infringement of the 1461 Design against them based on the '509 Registration. Dkt. 148. Plaintiff responds that Defendants are not "prevailing parties" under § 505 because they prevailed only on a technical defense, not a substantive one on the merits of the claimed infringement. Dkt. 169.

The judgment entered in this action dismissed all of Plaintiff's claims against Defendants with prejudice. Dkt. 134. Therefore, under its terms Plaintiff is "judicially precluded from refiling" any copyright infringement claims against Defendants based on the '509 Registration of the 1461 Design. *Cadkin*, 569 F.3d at 1150. This reflects a material alteration of the legal relationship between Plaintiff and Defendants

---

[2] Although the cases that have discussed § 505 primarily use the terms "attorney's fees" or "fees," the discretionary standard established in *Fogerty I* also applies to an award of costs. *See Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007) ("The district court reasonably found the evidence regarding Perfect 10's motivation to be equivocal, and did not abuse its discretion in weighing the interests of compensation and deterrence and denying costs and attorney's fees to defendants.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | December 5, 2017 |
|---|---|---|---|
| Title | Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

as to the copyright claims. Therefore, Defendants are the "prevailing parties" under § 505. There is no requirement that a prevailing defendant have shown no actual infringement. Indeed, such a rule would be inconsistent with the *Fogerty* Factors, one of which concerns the degree and nature of success.

      2.    *Fogerty* Factors

           a)    Degree of Success Obtained

"This factor weighs more in favor of a party who prevailed on the merits, rather than on a technical defense." *DuckHole Inc. v. NBCUniversal Media LLC*, 2013 WL 5797204, at *2 (C.D. Cal. Oct. 25, 2013). Technical defenses include "statute of limitations, laches, or copyright registration requirements." *VMG Salsoul, LLC v. Ciccone*, 2014 WL 12585798, at *2 (C.D. Cal. Aug. 28, 2014) (quoting *Fogerty II*, 94 F.3d at 556); *cf. Wolf v. Travolta*, 2016 WL 1676427, at *4 (C.D. Cal. Apr. 25, 2016) (degree of success factor did not support an award of attorney's fees where the prevailing party prevailed on summary judgment "based only upon the statute of limitations"). Where a defendant has prevailed on a technical defense, courts have considered whether the defendant remains subject to future claims by the plaintiff or whether the plaintiff's claims were dismissed with prejudice. *See, e.g.*, *Epikhin v. Game Insight N.A.*, 2016 WL 1258690, at *4-5 (N.D. Cal. Mar. 31, 2016) (degree of success factor was neutral where the defendants prevailed on a technical defense rather than on the merits and the plaintiff's claims were dismissed without prejudice).

Defendants argue that their success was "total and unequivocal." In support of this position they rely on the terms of the judgment in their favor on all of Plaintiff's claims, the dismissal of all of Plaintiff's claims with prejudice, the judgment in their favor on the counterclaim and the declaration that the '509 Registration is invalid as to the 1461 Design. Dkt. 148. Plaintiff replies that Defendants' success was based only on a technical issue -- the mistake Plaintiff made in the copyright registration process. Dkt. 169.

Defendants prevailed on the issue of the invalidity of the '509 Registration. Dkt. 130. This was a technical defense. *Epikhin*, 2016 WL 1258690, at *4. As noted, such a defense that arises from the rules that apply to the registration process is not immaterial. It is important that parties who seek the benefits of copyright registration have proceeded in accordance with those rules to ensure that the process is fair and effective. That is confirmed by the position expressed by the Copyright Office in response to the inquiry made by the Court*, i.e.,* it would not have approved the registration had the prior publication been disclosed. Here, the relevant rule concerns the requirements for registering a collection as a single unpublished work. It is also significant that Plaintiff's claims were dismissed with prejudice. *See Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 2014 WL 1724478, at *6 (N.D. Cal. Apr. 29, 2014) (defendant's degree of success "not insubstantial" where summary judgment granted that precluded plaintiff from "assert[ing] similar claims against [the defendant] in any federal court based on the underlying assignment or agency agreements at issue").

Under these standards, given the technical defense that was presented, this factor provides modest weight in support an award of fees and costs. "However, this [finding] must be viewed together with the other *Fogerty* factors and does not alone call for an award [or denial of an award] under the Copyright Act." *Design Data Corp. v. Unigate Enter., Inc.*, 2014 WL 5513541, at *3 (N.D. Cal. Oct. 31, 2014) (citing *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1230 (9th Cir. 2008); *Brod v. Gen. Pub.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | December 5, 2017 |
|---|---|---|---|
| Title | Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

*Grp., Inc.*, 32 F. App'x 231, 235-36 (9th Cir. 2002)).

        b)      Purposes of the Copyright Act

"The most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act." *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013). In making this determination, "the question is whether a successful [claim or] *defense* of the action furthered the purposes of the Act, not whether a *fee award* would do so." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 816 (9th Cir. 2003) (emphasis in original). A "successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Fogerty I*, 510 U.S. at 527.

The goals of the Copyright Act, which include "enriching the general public through access to creative works," are served by "striking a balance between two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work." *Kirtsaeng*, 136 S. Ct. at 1986. The "demarcation" of copyright law is an important part of this assessment:

> Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the law's boundaries be demarcated as clearly as possible. Thus, a defendant seeking to advance meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious infringement claims.

*Fogerty I*, 510 U.S. at 517-18.

Defendants argue that a fee award will further a goal of the Copyright Act, *i.e.,* to encourage litigation of meritorious defenses. Defendants contend it "will encourage defendants with viable registration-invalidity defenses to litigate, and thereby promote compliance with governing regulations, encourage registration of only valid claims, and deter lawsuits predicated on invalid registrations." Dkt. 170. Defendants also contend that their successful defense in this action advances the important policy of demarcating the boundaries of copyright law "by furthering the understanding of the requirements for registration of a collection of unpublished works and the meaning of 'publication' under 17 U.S.C. § 101." Plaintiff responds that the goal of the Copyright Act to encourage the production of original literary, artistic and musical expression for the public good, will be undermined by a fee award. Dkt. 169.

This factor weighs in favor of a fee award. It will promote and further the policies of the Copyright Act by encouraging defendants "to advance meritorious copyright defenses." *Fogerty I*, 510 U.S. at 518. It will also encourage those applying for registration, and its corresponding benefits, to comply with the governing rules and regulations. There is limited force to Plaintiff's argument that an award of fees would undermine an important objective of the Copyright Act, *i.e*, to encourage persons "to create new artwork" and "to enforce their rights in their artwork." These important goals can be achieved when applicants follow the rules. Indeed, as noted above, that is an important part of establishing and maintaining a fair and consistent registration process. A fee award may encourage Plaintiff, as well as others, to comply with the rules for registration in the future. For these reasons, this factor weighs in favor of a fee award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | | Date | December 5, 2017 |
|---|---|---|---|---|
| Title | Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC, et al. | | | |

   c)  Chilling Effect of Attorney's Fees

This factor presents the related question of "whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious [party]." *Ets-Hokin*, 323 F.3d at 766. An award of attorney's fees imposes an inequitable burden if "in light of the losing party's financial condition, it would be inequitable to award attorney's fees." *Epikhin*, 2016 WL 1258690, at *8.

Plaintiff argues that a fee award will "chill the enforcement of valid copyrights." Dkt. 169. However, Plaintiff does not contend that it lacks resources to pay an award. Nor does it offer any evidence about its financial condition. Further, Plaintiff has not presented persuasive evidence that it will be deterred from seeking to enforce valid copyrights in the future or from seeking new registrations. Plaintiff has brought more than 50 copyright-infringement actions since 2014; approximately half of those were filed in 2016. Given this evidence of a willingness to seek to enforce its claimed rights, there is no showing that an award of fees will cause it to change its approach. Moreover, Plaintiff's argument regarding the chilling effect of a fee award is not persuasive. *Fogerty I* made clear that "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." 510 U.S. at 527. Therefore, this factor weighs in favor of awarding fees.

  3.  *Lieb* Factors

   a)  Motivation

"[A] court's discretion may be influenced by the plaintiff's culpability in bringing or pursuing the action, but blameworthiness is not a prerequisite to awarding fees to a prevailing [party]." *Fantasy II*, 94 F.3d at 558. Where a case involves difficult questions of law, or "substantial questions of first impression," it weighs against a finding that arguments were made in bad faith. *Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.2d 1426, 1435 (9th Cir. 1986). "Courts generally hold that a finding of bad faith can be based on not only the actions that led to the lawsuit, but also the conduct of the litigation." *Wild v. NBC Universal*, 2011 WL 12877031, at *2 (C.D. Cal. July 18, 2011) (internal alterations and quotation marks omitted) (motivation factor neutral where the prevailing defendants "failed to introduce evidence that Plaintiff was seeking to settle the lawsuit, or that [Plaintiff] exhibited bad faith conduct during the litigation").

Defendants argue that Plaintiff brought the claims in bad faith. Dkt. 148. In support of this position they contend that Plaintiff commenced this action despite its "knowing misstatement of its publication made in the application underlying the '509 Registration" and the "early indications" Plaintiff received as to the invalidity of the '509 Registration. Defendants argue that Plaintiff's "clear motivation" in bringing this action was to "drive up Defendants' costs and use that as leverage to extract an undeserved settlement." Plaintiff responds that its only motivation in bringing this case was "to protect its artwork and the attendant copyrights." Dkt. 169. Plaintiff also contends that it did not have any improper motivation because it was unaware of its registration error until it was discovered during the course of this litigation.

Plaintiff was aware of the validity issue early in this action. Defendants included it as an affirmative defense in their Answer, which was filed on March 14, 2016. Dkt. 35 ("Plaintiff's claims are barred because Plaintiff lacks ownership of a valid U.S. Copyright Registration covering the allegedly-infringed work for noncompliance with regulations prescribing conditions for the registration of copyright, 37 C.F.R.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | | Date | December 5, 2017 |
|---|---|---|---|---|
| Title | Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC, et al. | | | |

§ 202.3."). Defendants also raised the issue of the validity of the '509 Registration in the Rule 26(f) Joint Report, which was filed on May 4, 2016. Dkt. 40. There, Defendants stated that they would file a motion for summary judgment based on this defense. *Id.* It is also significant that Plaintiff obtained Copyright Registration No. VA 2-006-252 ("'252 Registration") for a single work titled "1461" on June 9, 2016. Rutherford Decl., Ex. C, Dkt. 57-4. The '252 Registration states that the "Date of 1st Publication" is "March 12, 2013." *Id.*

The foregoing supports the claim that Plaintiff continued to pursue its copyright infringement claims after it learned of the validity issues that were raised just three months after the action was filed. In what may have been a response to this issue, Plaintiff obtained a new registration for the 1461 Design on June 9, 2016, but continued to prosecute this action in reliance on the '509 Registration. However, there is no direct evidence of any bad faith by the Plaintiff. The ultimate disposition of the validity issue was not certain when the action was commenced and pursued. Instead, the litigation that proceeded was consistent with the goals identified earlier in which each side to a dispute may properly assert its position. Accordingly, this factor is neutral.

        b)        Frivolousness and Factual and Legal Unreasonableness

Although separate factors, these issues may be considered together. Each requires an assessment whether the positions taken by the parties lacked legal and factual bases. *Wild*, 2011 WL 12877031, at *2. "[T]he mere fact that [a party] lost cannot establish [its] objective unreasonability." *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1181 (9th Cir. 2013). However, where a party "should have known from the outset that its chances of success in th[e] case were slim to none," its decision to litigate is considered unreasonable. *SOFA Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013). "[A] frivolous claim under the Copyright Act is one that, in either the factual or legal assertions, is clearly baseless, involving fantastic or delusional scenarios. Put another way, a case is deemed frivolous only when the result is obvious or the arguments are wholly without merit." *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at *8 (C.D. Cal. Mar. 24, 2015) (internal citations, alteration and quotation marks omitted).

In a recent decision, the Supreme Court held that, when assessing whether to award fees under § 505, a district court "should give substantial weight to the objective reasonableness of the losing party's position." *Kirtsaeng*, 136 S. Ct. at 1983. "No matter which side wins a case, the court must assess whether the other side's position was (un)reasonable." *Id.* at 1988. The objective reasonableness factor is not, however, dispositive. *Id.* ("All of that said, objective reasonableness can only be an important factor in assessing fee applications—not the controlling one.").

Defendants renew the argument that Plaintiff's conduct in this litigation was objectively unreasonable. Dkt. 148. Specifically, Defendants contend that Plaintiff's reliance on the '509 Registration was unreasonable because Plaintiff's sales reports and invoices showed that sales of fabric using the 1461 Design were made prior to the effective date of the '509 Registration.

Plaintiff responds that its position regarding the technical error in its registration application was reasonable. It claims that there is no binding precedent that establishes the "technical invalidity" defense. It also argues that the response of the Copyright Office to the Court's inquiry indicates that the technical error would not necessarily preclude registration of Plaintiff's artwork. Dkt. 169; *See* Ex. A to Response of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | December 5, 2017 |
|---|---|---|---|
| Title | Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

the Register of Copyrights to Request Pursuant to 17 U.S.C. § 411(b)(2), Dkt. 122-1. This is not a persuasive assessment of the response of the Copyright Office. The response states that, had the Register of Copyrights been "aware that the 1461 Design had been previously published, the [Copyright] Office would have refused registration of that work using the unpublished collections option because the work was registered as unpublished when in fact it had been published." Dkt. 122-1 at 4. The only limitation on this statement is that, had the Copyright Office learned of the error at the time of application, it would have afforded Plaintiff an opportunity to correct the error within 45 days.

There is some support for Defendants' claim that Plaintiff took unreasonable positions as to the claimed validity of the '509 Registration. In connection with the motions for summary judgment, Plaintiff advanced the following arguments: (i) any error in the '509 Registration was inadvertent and the applicable standard requires that Plaintiff have engaged in an attempt to defraud the Copyright Office with respect to any prior publication of the 1461 Design; (ii) Plaintiff did not believe selling samples of the 1461 Design to several customers constituted general "publication" for purposes of the Copyright Act; (iii) there was no error in the '509 Registration because the Copyright Act only requires that a collection as a whole was not previously published; and (iv) Plaintiff's subsequent '252 Registration for the 1461 Design is a sufficient basis for its copyright infringement claims.

As noted in the prior Order deferring a ruling on the motions for summary judgment, "*L.A. Printex* made clear that a showing of fraud is not required when the inaccurate information was knowingly included on the application, as opposed to being an inadvertent mistake." Dkt. 115 at 11. Plaintiff included inaccurate information in its application for the '509 Registration as to the date of publication of the 1461 Design. The witness produced by Plaintiff pursuant to Fed. R. Civ. P. 30(b)(6) testified that Plaintiff knew that it had already sold samples of the 1461 Design when it applied for the '509 Registration. Rutherford Decl., Ex. F., Dkt. 65-2 (Rule 30(b)(6) Depo. 157:15-158:3). Further, Plaintiff's principal declared that "[b]efore the [1461] Design was registered with the Copyright Office, [Plaintiff] provided samples of fabric bearing the design to a limited group of existing and potential customers for the limited purpose of securing full production contracts for hundreds or thousands of yards of fabric." Ajnassian Decl., Dkt. 60-1 ¶ 5. That Plaintiff was not aware that the sale of samples to its customers constituted "publication" under the Copyright Act is not determinative. In general, knowingly "refers only to one's knowledge of *the facts* that make his conduct unlawful, not to one's knowledge of *the law*." *RSM, Inc. v. Herbert*, 466 F.3d 316, 320 (4th Cir. 2006) (emphasis in original).

It is also material that Plaintiff was represented by counsel in this action. This reduces further the weight of an argument based on ignorance of the law when the validity issue was litigated. Plaintiff argued that the prior publication was limited because the 1461 Design was distributed "without the right of further reproduction, distribution or sale." However, as noted in the prior Order deferring a ruling on the motions for summary judgment, it would be unreasonable to interpret this warning as unique to the samples and one that supports a claim that Plaintiff did not regard this as a publication. Thus, this same warning language was used in all of Plaintiff's invoices, not just those identified as relating to the sale of samples. Dkt. 115 at 7; *see, e.g.*, Ajnassian Decl., Ex. 5, Dkt. 75-2 (invoice for sale of fabric bearing the 1461 Design).

Also unconvincing is Plaintiff's argument that there was no error in the '509 Registration because the Copyright Act only requires that a collection as a whole was not previously published. Indeed, Plaintiff cited no authority for this proposition and the Court found none. Finally, Plaintiff's position that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | December 5, 2017 |
|---|---|---|---|
| Title | Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

subsequent '252 Registration for the 1461 Design could form a sufficient, independent basis for its copyright infringement claims is not convincing. As noted in the Summary Judgment Order, the '252 Registration was not identified in the Complaint as a copyright at issue. Therefore, it could not support Plaintiff's claims absent the filing of an amended complaint. Dkt. 130. Under the Scheduling Order that was in place, Plaintiff had more than two weeks to request leave to amend after it obtained the '252 Registration on June 9, 2016. However, Plaintiff first requested such leave as part of its untimely opposition to Defendants' Motion for Summary Judgment. Dkt. 60. This was approximately one year after the Complaint was filed, and the request was denied as untimely given the status of the summary judgment process. Dkt. 130.

For the foregoing reasons, several of the positions advanced by Plaintiff in this action were not persuasive. It is not clear, however, that Plaintiff "should have known from the outset that its chances of success" in raising all of these arguments "were slim to none." *SOFA Entm't, Inc.*, 709 F.3d at 1280. It was objectively unreasonable for Plaintiff to argue that Defendants were required to show that Plaintiff intended to defraud the Copyright Office in order to invalidate the '509 Registration. It was also objectively unreasonable for Plaintiff to argue that there was no error in the '509 Registration because the Copyright Act only requires that a collection as a whole was not previously published. There is less certainty as to the lack of merit of some of the other arguments, including whether the prior publication was limited and not general. On balance, however, this factor weighs slightly in favor of a fee award.

    c)  Compensation and Deterrence

When evaluating a motion to recover fees under § 505, courts should also consider whether there is a "need . . . to advance considerations of compensation and deterrence." *Kirtsaeng*, 136 S. Ct. at 1986 (quoting *Fogerty I*, 510 U.S. at 534). "Deterring non-meritorious lawsuits against defendants seen as having 'deep pockets' and compensating parties that must defend themselves against meritless claims are both laudible ends." *Scott v. Meyer*, 2010 WL 2569286, at *3 (C.D. Cal. June 21, 2010). This factor supports an award of fees if the losing party should be deterred from asserting the claims (or defenses) that the losing party asserted in the case in which fees are sought. *Epikhin*, 2016 WL 1258690, at *8. The deterrence factor overlaps with those concerning motivation, frivolousness, and objective unreasonableness. *King v. IM Global*, 2017 WL 2620695, at *3 (C.D. Cal. Jan. 25, 2017) ("Having previously determined that Plaintiff's claim was neither frivolous nor objectively unreasonable, the Court cannot conclude that Plaintiff should have been deterred from pursuing it."); *Design Data Corp. v. Unigate Enter., Inc.*, 2014 WL 5513541, at *2 (N.D. Cal. Oct. 31, 2014) ("There is value in deterring frivolous lawsuits . . . .").

The need for compensation is mitigated where a prevailing defendant has "ample incentive" to litigate a meritorious defense without the added incentive that the possibility of recovering attorney's fees provides. *Epikhin*, 2016 WL 1258690, at *8 (compensation factor did not weigh in favor of an award of attorney's fees where the allegedly infringing product, a mobile application, had been downloaded more than one million times).

Defendants contend that an award of fees will incentivize future defendants to pursue meritorious defenses rather than settling to avoid litigation costs. Dkt. 148. Defendants also argue that awarding attorney's fees will deter Plaintiff and copyright holders in general from "pursuing claims based on invalid copyright registrations—and continuing to do so after the invalidity of asserted registrations becomes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | December 5, 2017 |
|---|---|---|---|
| Title | Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

apparent." *Id.* This will provide an incentive to Plaintiff to investigate its claims more carefully in the future before commencing litigation. In response, Plaintiff argues that awarding fees would impede the goal of the Copyright Act to encourage private enforcement of rights. Dkt. 169.

On balance, this factor provides some support for a fee award. This conclusion is based on the same analysis presented earlier with respect to motivation, frivolousness and objective unreasonableness.

\*     \*     \*

A consideration of all of the applicable factors shows that they are sufficient to warrant the exercise of discretion to award fees.

    4.    Reasonableness of Requested Attorney's Fees

        a)    Legal Standards

In making a fee award under § 505, a district court must calculate "a reasonable attorney's fee." *Traditional Cat Ass'n, Inc. v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003). The reasonableness of an attorney's fee request is determined by the "lodestar" method:

> The "lodestar" is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it.

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (internal citations and quotation marks omitted). Courts rely on the "*Kerr* factors" when assessing the reasonableness of the lodestar figure. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). These factors are

> (i) the time and labor required, (ii) the novelty and difficulty of the questions involved, (iii) the skill requisite to perform the legal service properly, (iv) the preclusion of other employment by the attorney due to acceptance of the case, (v) the customary fee, (vi) whether the fee is fixed or contingent, (vii) time limitations imposed by the client or the circumstances, (viii) the amount involved and the results obtained, (ix) the experience, reputation, and ability of the attorneys, (x) the "undesirability" of the case, (xi) the nature and length of the professional relationship with the client, and (xii) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

In determining the number of hours reasonably expended on the litigation, those that are "excessive, redundant, or otherwise unnecessary" should be excluded. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007). "Employing multiple attorneys or firms is not per se unreasonable." *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 743 F. Supp. 2d 1136, 1157 (C.D. Cal. 2010). If, however, "two or more

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | December 5, 2017 |
|---|---|---|---|
| Title | Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

attorneys have duplicated each other's work, then the number of hours submitted should be reduced, since some of the work was unnecessary and the time claimed would therefore be unreasonable." *Id.* (quoting *Williamsburg Fair Hous. Comm. v. Ross-Rodney Hous. Corp.*, 599 F. Supp. 509, 518 (S.D.N.Y. 1984)). Additionally, "hours that are billed in block-format may be reduced." *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 2015 WL 1470796, at *2 (C.D. Cal. Mar. 31, 2015).

To determine the reasonableness of an attorney's hourly rate, it is appropriate to consider evidence as to the billing rates charged by other counsel for similar work in the relevant community. *Welch*, 480 F.3d at 946. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Id.* at 945-46. "The Court may make a small across-the-board reduction, no greater than 10 percent, based on its exercise of discretion and without a more specific explanation[,]" but "a clear and concise explanation is required if the reduction is greater than 10 percent." *Inhale, Inc.*, 2015 WL 1470796, at *2.

        b)        Defendants' Requested Fees

Defendants seek to recover all of their costs and attorney's fees. In support of their requests, Defendants submit the declaration of Edmund J. Ferdinand ("Ferdinand"), the managing partner of Ferdinand IP, LLC and Ferdinand IP, LLP ("Ferdinand IP"). Dkt. 149. The attorney's fees requested total $210,094.80. This figure is based on the 789.07 hours recorded and billed by Defendants' counsel and one paralegal between January 15, 2016 and May 31, 2017. Declaration of Edmund J. Ferdinand (Ferdinand Decl.) ¶ 8, Dkt. 149. The following table summarizes these hours and hourly rates by person:

| **Ferdinand IP Attorney** | **Hourly Rate** | **Total Hours** | **Total** |
|---|---|---|---|
| Edmund Ferdinand (Partner)[3] | $400.00 | 4 | $1,600.00 |
| Edmund Ferdinand (Partner) | $290.00 | 81.1 | $23,519.00 |
| Jessica Rutherford (Partner) | $290.00 | 426.55 | $123,699.50 |
| Daniel Lacy (Associate) | $230.00 | 40.10 | $9,223.00 |
| Alexander Malbin (Associate)[4] | $265.00 | 10.60 | $2,809.00 |
| Alexander Malbin (Associate) | $230.00 | 145.20 | $33,396.00 |
| Thea Zimnicki (Associate) | $230.00 | 53.70 | $12,351.00 |
| Laura Spanakos (Paralegal)[5] | $185.00 | .33 | $61.05 |
| Laura Spanakos (Paralegal) | $125.00 | 27.49 | $3,436.25 |
| **Totals** | | **789.07** | **$210,094.80** |

Dkt. 159. Defendants also seek to recover certain costs, which total $36,818.90. Ex. 6 to Ferdinand Decl.,

---

[3] Edmund Ferdinand ("Ferdinand") billed $400 per hour for his work between January 15, 2016 and February 1, 2016, which is prior to when Sanctuary's insurance carrier assumed the defense. Ferdinand Decl. ¶ 6a. Once it did so on February 1, 2016, Ferdinand billed at the lower $290 per hour rate set by that carrier. *Id.*
[4] Alexander Malbin ("Malbin") also worked on the case before Sanctuary's insurance carrier assumed the defense. *Id.* ¶ 6d. Between January 15, 2016 and February 1, 2016, Malbin's time was billed at a rate of $265 per hour. It was then reduced to $230 per hour.
[5] Laura Spanakos ("Spanakos") also worked on the case before Sanctuary's insurance carrier assumed the defense of this action. *Id.* ¶ 6d. Between January 15, 2016 and February 1, 2016, her time was billed at a rate of $185 per hour, which was then reduced to $125 per hour.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | December 5, 2017 |
|---|---|---|---|
| Title | Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

Dkt. 141-8. More than $30,000 of these costs are attributable to work performed by expert witnesses. *Id.* Defendants did not rely on these experts in support of their motion for summary judgment.

        c)      Positions of the Parties

Defendants contend that the number of hours their counsel spent working on this case "is reasonable considering the manner in which Fiesta pursued this case." Dkt. 149 ¶ 9. Regarding the rates defense counsel charged, Defendants note that the majority of the hours recorded by Ferdinand IP attorneys were billed at the hourly rates dictated by Sanctuary's insurance carrier. *Id.* ¶ 4. These rates are "significantly lower than the typical rates of Defendants' attorneys." *Id.* For example, managing partner of Ferdinand IP and the lead counsel in this action has a usual hourly rate of $450-$500, but most of his time was billed at $290 per hour. *Id.* ¶ 6a. Defendants also present evidence that the other Ferdinand IP attorneys who worked on this case billed at rates that were less than their usual ones. *Id.* ¶ 6b-6f. Further, Defendants have presented evidence that the rates billed in this case are below the rates typically charged by attorneys in the intellectual property field who practice in this District and have similar levels of experience. *Id.* ¶ 6a. Regarding the number of hours billed, Defendants argue that their counsel spent considerable time researching issues other than the registration invalidity defense upon which they ultimately prevailed. Dkt. 170.

Plaintiff argues that the requested fees are not reasonable because "there was one technical registration issue on which the parties disagreed." Dkt. 169. Further, Plaintiff argues that the hours defense counsel billed are excessive and redundant because defense counsel had multiple attorneys work on a single task. Plaintiff also makes the following arguments with respect to Defendants' time charges: (i) three attorneys spent a total of more than 29 hours reviewing and investigating the complaint; (ii) two partners and two associates spent 76 hours "on additional legal/factual research & investigation"; (iii) three attorneys spent more than 18 hours drafting an answer and counterclaim; (iv) two partners and two associates spent 32.3 hours "on a less-than-full-day mediation"; (v) three associates, two partners and a paralegal spent 291.51 hours on discovery "in a case where each side took one deposition, Plaintiff produced less than 350 documents, and the Defendants produced less than 800 documents" and (vi) three associates, two partners and a paralegal spent 309.75 hours briefing the motions for summary judgment. Plaintiff argues that in light of these redundancies, the requested fees should be reduced by 50% to 70% for each of these tasks. Plaintiff also asks the Court to make an "across-the-board percentage cut" of 70% to Defendants' lodestar calculation. Further, Plaintiff argues that defense counsel block-billed the majority of its hours. It argues that the lodestar calculation should be reduced by at least 30% as a result. Plaintiff does not, however, identify any block-billed hours in the evidence Defendants submitted in support of the Motion.

In their reply, Defendants argue that each of the challenged billing practices is valid. Dkt. 170. Defendants argue that even though they ultimately prevailed on a technical invalidity defense, they spent considerable time "work[ing] towards defeating Fiesta's claims on other grounds."

        d)      Application

Defendants seek to recover $210,094.80 in attorney's fees, a figure that represents the number of hours and hourly rates summarized in the table that is presented above. As noted, Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | December 5, 2017 |
|---|---|---|---|
| Title | Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

also seek to recover costs of $36,818.90.

Defendants have documented the hours expended in the litigation and have submitted "evidence supporting those hours and the rates claimed." *Welch*, 480 F.3d at 945-46; *see* Exs. 1-4 to Ferdinand Decl., Dkts. 157-160. The requested fees correspond to hours billed over the course of an 18-month period between when the Complaint was filed and the Summary Judgment Order issued. Plaintiff contends that the Defendants' billing reflects "personnel redundanc[ies]" that warrant reductions. Plaintiff has not provided any specific examples of when two or more attorneys performed the same work. Instead, Plaintiff argues that more than one attorney worked on the same broad tasks, *e.g.,* investigating the complaint, performing legal and factual research, and preparing the briefing on the competing motions for summary judgment. As noted, "[e]mploying multiple attorneys or firms is not per se unreasonable." *PSM Holding Corp.*, 743 F. Supp. 2d at 1157. Plaintiff also notes that the billing descriptions are not presented in sufficient detail because they were block-billed.

Based on a review of these competing positions, the evidence submitted in support of the fee request, the pleadings that were presented in this matter, the presentations made at hearings, and the Court's general familiarity with litigation practices in this District, it is determined that the total fee request is not reasonable, and warrants a reduction.

The starting point in the analysis is the consideration of the hourly rates that have been presented. The hourly rates as adjusted by the carrier were reasonable. Ferdinand, a named partner of Ferdinand IP who specializes in intellectual property litigation and has more than 25 years of litigation experience, billed 81.1 of his 85.1 hours at the insurer-mandated rate of $290 per hour. Ferdinand Decl. ¶ 6a. Rutherford, a partner with 12 years of experience in the areas of intellectual property protection, licensing and litigation, also billed at a rate of $290 per hour. *Id.* ¶ 6b. All three associates who worked on this matter -- Lacy, Malbin and Zimnicki -- were fifth-year attorneys at the time. Collectively, they billed 249.6 hours. All but 10.6 of these hours were billed at the carrier's allowed rate of $230. The 10.6 hours reflected work by Malbin and were billed at a rate of $265. *Id.* ¶ 6c-6e. Finally, 27.49 of the hours billed by the paralegal who worked on this case were billed at $125 per hour, a rate set by the carrier; her remaining .33 hour was billed at her regular hourly rate of $185. *Id.* ¶ 6f.

The hourly rates, as adjusted by the carrier with respect to Ferdinand and Malbin, "are commensurate with the experience of the respective attorneys." *Inhale, Inc.*, 2015 WL 1470796, at *3; *see id.* ("Because Mr. Patel, has [fourteen years of] specialized experience and is a registered patent attorney, and his associates and law clerks have only a few years of experience, the Court finds that the hourly rates [of $250 for Mr. Patel and $90 for his associates and law clerks] are commensurate with the experience of the respective attorneys."). Defendants have also provided evidence that the hourly rates their counsel charged in this case were significantly lower than their usual rates. Dkt. 149 ¶ 6a-6f. Further, Defendants have presented evidence that the rates billed in this case are below the rates typically charged by attorneys in the intellectual property field with similar levels of experience. *Id.* ¶ 6a. Plaintiff has not presented any persuasive evidence that would support a finding that these rates, as adjusted by the carrier, are unreasonable or unwarranted. Indeed, the evidence shows that the hourly rates are below what is often charged by counsel in this field. That counsel was willing to accept the adjustment in their rates imposed by the carrier also supports the use of those lower hourly rates in the present analysis of an appropriate fee award. Whether defense counsel was willing to accept these lower rates due to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | December 5, 2017 |
|---|---|---|---|
| Title | Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

availability of their time, the nature of the issues presented, the desire to maintain a positive relationship with their client and the carrier, or some other reason, is not material.

The outcome is different with respect to the number of hours billed. The total of 789.07 hours, which is the equivalent of about 20 weeks of work, assuming a 40-hour workweek, was not reasonable given the nature and scope of the issues presented in this action as well as the number of counsel who performed the work.

Defense counsel recorded 309.75 hours for their work on the two motions for summary judgment. The Defendants' Motion for Summary Judgment was filed on November 18, 2016. That was more than six months after the filing of the parties' Rule 26(f) joint report in which Defendants stated their intention to file such a motion based on the registration invalidity issue. Both of these factors warrant a downward adjustment in the fee request. Had the Defendants' Motion for Summary Judgment been filed sooner, it could have been decided before other time charges were incurred. Moreover, that five attorneys and one paralegal collectively spent more than 300 hours on the motions for summary judgment does not reflect a reasonable or efficient expenditure of time.

Based on a review of the evidence presented with respect to the work performed on each of the 13 tasks summarized in Dkt. 158, as well as the corresponding detailed time charges set forth in Dkt. 160, certain reductions are deemed appropriate for several reasons: (i) the amount of time spent on certain tasks, was greater than necessary, particularly in light of the straightforward legal and factual issues that were ultimately case dispositive; (ii) the time spent by different attorneys overlapped and resulted in some inefficiency given the need to share information among defense counsel; (iii) some of the tasks, including consultation with counsel for other parties and those who had been counsel in prior litigation with Plaintiffs, was unnecessary; (iv) had the summary judgment process and the discovery needed to pursue it been initiated earlier, less overall time would have been necessary in the action; and (v) although several of the positions Plaintiff advanced in this action were objectively unreasonable, it has not been shown that all of them were frivolous or objectively unreasonable from the outset of the litigation.

Based on that analysis, the following reductions are appropriate:

| Task 1 (Pre-Answer Review, Investigation, Communications) | | | | | |
|---|---|---|---|---|---|
| **Attorney** | **Rate** | **Hours Requested** | **Downward Adjustment** | **Total Hours** | **Total Fee** |
| Malbin (Associate) | $230 | 7.1 | 3 | 4.1 | $943.00 |
| Malbin (Associate) | $265 | 6.2 | 0 | 6.2 | $1,643.00 |
| Lacy (Associate) | $230 | 2.7 | 0 | 2.7 | $621.00 |
| Ferdinand (Partner) | $400 | 4 | 4 | 0 | $0.00 |
| Ferdinand (Partner) | $290 | 7 | 0 | 7 | $2,030.00 |
| Spanakos (Paralegal) | $185 | 0.33 | 0 | 0.33 | $61.05 |
| Spanakos (Paralegal) | $125 | 1.75 | 0 | 1.75 | $218.75 |
| **TOTAL** | | | | | **$5,516.80** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | December 5, 2017 |
|---|---|---|---|
| Title | Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

| Task 2 (Drafting Answer, Counterclaim, Notice of Interested Parties) | | | | | |
|---|---|---|---|---|---|
| Attorney | Rate | Hours Requested | Downward Adjustment | Total Hours | Total Fee |
| Malbin (Associate) | $230 | 10.3 | 5 | 5.3 | $1,219.00 |
| Malbin (Associate) | $265 | 4.4 | 2 | 2.4 | $636.00 |
| Lacy (Associate) | $230 | 1.3 | 1.3 | 0 | $0.00 |
| Ferdinand (Partner) | $290 | 2.2 | 0 | 2.2 | $348.00 |
| **TOTAL** | | | | | **$2,493.00** |

| Task 3 (Pre-Answer Filings) | | | | | |
|---|---|---|---|---|---|
| Attorney | Rate | Hours Requested | Downward Adjustment | Total Hours | Total Fee |
| Malbin (Associate) | $230 | 3 | 2 | 1 | $230.00 |
| Lacy (Associate) | $230 | 1.9 | 0.9 | 1 | $230.00 |
| **TOTAL** | | | | | **$460.00** |

| Task 4 (Post-Answer/Pre-Discovery Review, Investigation, Communications) | | | | | |
|---|---|---|---|---|---|
| Attorney | Rate | Hours Requested | Downward Adjustment | Total Hours | Total Fee |
| Malbin (Associate) | $230 | 0.5 | 0 | 0.5 | $115.00 |
| Ferdinand (Partner) | $290 | 2 | 0 | 2 | $580.00 |
| Spanakos (Paralegal) | $125 | 1.33 | 0 | 1.33 | $166.25 |
| **TOTAL** | | | | | **$861.25** |

| Task 5 (Rule 26(f) Report and Rule 16 Conference) | | | | | |
|---|---|---|---|---|---|
| Attorney | Rate | Hours Requested | Downward Adjustment | Total Hours | Total Fee |
| Malbin (Associate) | $230 | 2 | 0.5 | 1.5 | $345.00 |
| Ferdinand (Partner) | $290 | 2.3 | 0.3 | 2 | $580.00 |
| **TOTAL** | | | | | **$925.00** |

| Task 6 (Joint Defense Agreement) | | | | | |
|---|---|---|---|---|---|
| Attorney | Rate | Hours Requested | Downward Adjustment | Total Hours | Total Fee |
| Malbin (Associate) | $230 | 1.5 | 1.5 | 0 | $0.00 |
| Ferdinand (Partner) | $290 | 2 | 2 | 0 | $0.00 |
| **TOTAL** | | | | | **$0.00** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | LA CV16-00339 JAK (FFMx) | Date  December 5, 2017 |
| Title | Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC, et al. | |

| Task 7 (Rule 26(a)(1) Initial Disclosures) | | | | | |
|---|---|---|---|---|---|
| **Attorney** | **Rate** | **Hours Requested** | **Downward Adjustment** | **Total Hours** | **Total Fee** |
| Malbin (Associate) | $230 | 1.8 | 0.3 | 1.5 | $345.00 |
| Ferdinand (Partner) | $290 | 1.5 | 0.5 | 1 | $290.00 |
| **TOTAL** | | | | | **$635.00** |

| Task 8 (Legal/Factual Research & Investigation) | | | | | |
|---|---|---|---|---|---|
| **Attorney** | **Rate** | **Hours Requested** | **Downward Adjustment** | **Total Hours** | **Total Fee** |
| Malbin (Associate) | $230 | 40.4 | 15 | 25.4 | $5,842.00 |
| Lacy (Associate) | $230 | 1.1 | 1.1 | 0 | $0.00 |
| Ferdinand (Partner) | $290 | 1.8 | 0 | 1.8 | $522.00 |
| Rutherford (Partner) | $290 | 17 | 10 | 7 | $2,030.00 |
| Zimnicki (Associate) | $230 | 15.7 | 8.7 | 7 | $1,610.00 |
| **TOTAL** | | | | | **$10,004.00** |

| Task 9 (Mediation/Settlement) | | | | | |
|---|---|---|---|---|---|
| **Attorney** | **Rate** | **Hours Requested** | **Downward Adjustment** | **Total Hours** | **Total Fee** |
| Malbin (Associate) | $230 | 1 | 0 | 1 | $230.00 |
| Lacy (Associate) | $230 | 2.9 | 0 | 2.9 | $667.00 |
| Ferdinand (Partner) | $290 | 14.9 | 6.9 | 8 | $2,320.00 |
| Rutherford (Partner) | $290 | 13.5 | 5.5 | 8 | $2,320.00 |
| **TOTAL** | | | | | **$5,537.00** |

| Task 10 (Protective Order) | | | | | |
|---|---|---|---|---|---|
| **Attorney** | **Rate** | **Hours Requested** | **Downward Adjustment** | **Total Hours** | **Total Fee** |
| Malbin (Associate) | $230 | 0.7 | 0 | 0.7 | $161.00 |
| Lacy (Associate) | $230 | 1.3 | 0 | 1.3 | $299.00 |
| Rutherford (Partner) | $290 | 0.7 | 0 | 0.7 | $203.00 |
| **TOTAL** | | | | | **$663.00** |

| Task 11 (Discovery) |
|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | December 5, 2017 |
|---|---|---|---|
| Title | Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

| Attorney | Rate | Hours Requested | Downward Adjustment | Total Hours | Total Fee |
|---|---|---|---|---|---|
| Malbin (Associate) | $230 | 15.5 | 8.5 | 7 | $1,610.00 |
| Lacy (Associate) | $230 | 22.9 | 10.9 | 12 | $2,760.00 |
| Ferdinand (Partner) | $290 | 27.3 | 15.3 | 12 | $3,480.00 |
| Rutherford (Partner) | $290 | 209.15 | 100 | 109.15 | $31,653.50 |
| Zimnicki (Associate) | $230 | 3 | 3 | 0 | $0.00 |
| Spanakos (Paralegal) | $125 | 13.66 | 0 | 13.66 | $1,707.50 |
| **TOTAL** | | | | | **$41,211.00** |

| Task 12 (Dispositive Motion Practice) | | | | | |
|---|---|---|---|---|---|
| Attorney | Rate | Hours Requested | Downward Adjustment | Total Hours | Total Fee |
| Malbin (Associate) | $230 | 51.7 | 21.7 | 30 | $6,900.00 |
| Lacy (Associate) | $230 | 6 | 6 | 0 | $0.00 |
| Ferdinand (Partner) | $290 | 20.1 | 10.1 | 10 | $2,900.00 |
| Rutherford (Partner) | $290 | 186.2 | 96.2 | 90 | $26,100.00 |
| Zimnicki (Associate) | $230 | 35 | 20 | 15 | $3,450.00 |
| Spanakos (Paralegal) | $125 | 10.75 | 0 | 10.75 | $1,343.75 |
| **TOTAL** | | | | | **$40,693.75** |

| Task 13 (Motion for Attorney's Fees and Costs) | | | | | |
|---|---|---|---|---|---|
| Attorney | Rate | Hours Requested | Downward Adjustment | Total Hours | Total Fee |
| Malbin (Associate) | $230 | 9.7 | 0 | 9.7 | $2,231.00 |
| **TOTAL** | | | | | **$2,231.00** |
| **GRAND TOTAL** | | | | | **$111,230.80** |

For all of the foregoing reasons, the hourly rates defense counsel charged in this action are reasonable, but the number of hours as a whole, and those recorded as to discovery and dispositive motion practice in particular, were not reasonable. Accordingly, for the reasons stated above, a downward adjustment from the lodestar figure is warranted as reflected in the preceding tables. Therefore, Defendants are awarded $111,230.80 in attorney's fees.

    C.    Requests for an Award of Costs

Under § 505, "the Court in its discretion may award 'full costs' to the prevailing party, which includes both taxable and non-taxable costs." *Pringle v. Adams*, 2014 WL 3706826, at *7 (C.D. Cal July 23, 2014); *see also Twentieth Century Fox Film Corp. v. Ent'mt Dist.*, 429 F.3d 869, 885 (9th Cir. 2005) ("Construing § 505 as limiting the costs that may be awarded to any particular subset of taxable costs effectively reads

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00339 JAK (FFMx) | Date | December 5, 2017 |
|---|---|---|---|
| Title | Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC, et al. | | |

the word 'full' out of the statute . . . . Thus, we hold that district courts may award otherwise non-taxable costs . . . under § 505."). Defendants seek $36,818.90 in non-taxable costs and $3,472.31 in taxable costs.

Defendants' taxable costs are comprised of $227 in fees for service of process and $3,244.71 in deposition-related costs. Ex. 5 to Ferdinand Decl., Dkt. 141-7. Approximately $30,099 of the non-taxable costs are related to expert witnesses. *See* Ex. 6 to Ferdinand Decl., Dkt. 141-8. Defendants did not rely on any expert witnesses in support of their Motion for Summary Judgment or in opposition to Plaintiff's parallel Motion for Summary Judgment. Therefore, these costs, which were incurred in connection with a potential merits defense, are not ones that are justified by the applicable discretionary standards.

For the foregoing reasons, Defendants are awarded their full taxable costs of $3,472.31 and $6,719.90 in non-taxable costs.

### IV.     Conclusion

For the reasons stated in this Order, the Motion is **GRANTED IN PART**. Defendants shall recover their full taxable costs of $3,472.31, $111,230.80 in attorney's fees, and $6,719.90 in non-taxable costs. On or before December 19, 2017, counsel shall meet and confer in an effort to reach an agreement as to the form of a proposed amended judgment that is consistent with this Order. Defendant shall lodge such a proposed amended judgment on December 20, 2017. The proposed amended judgment shall also provide that this Order may be appealed through the filing of a notice of appeal or amended notice of appeal with the Ninth Circuit with respect to the proposed amended judgment. *See* Fed. R. App. P. 4(a)(4). The notice of lodging shall indicate whether the form of judgment is agreed upon or whether Plaintiff will be filing any objections to that proposed amended judgment on or before December 22, 2017.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | ak | |